IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Erica D. Watkins,                :

    Plaintiff,              :

  v.                             :    Case No. 2:08-cv-134

New Albany Plain Local           :    JUDGE GRAHAM
Schools, et al.,

    Defendants.             :

ORDER

This case is before the Court to consider whether the plaintiff should be allowed to amend her complaint. Although it has taken some time, the motion, first tendered to the Court on September 29, 2008, is now fully briefed. For the following reasons, the motion to amend will be granted. The Court will also establish a new case schedule in this order.

I.

The procedural history of the motion is somewhat complex. Plaintiff, after having obtained several extensions of the date by which any motions to amend had to be filed, submitted such a motion on September 29, 2008. That motion was timely. However, it did not contain a certification that counsel had conferred about the relief requested, so the Court, relying on Local Civil Rule 7.3, denied the motion without prejudice.

Approximately one month later, plaintiff filed a document entitled "Plaintiff's Notice of Compliance with Local Rule 7.3 Regarding Motion for Leave to File First Amended Complaint *Instanter*." In that document, she explained why she had not sought the concurrence of opposing counsel in her motion for leave to amend. However, she did not actually file a renewed motion for leave to amend.

Nothing else occurred for several months.  Then, on January 29, 2009, one group of defendants (the New Albany/Plain Local School District defendants) filed a motion to deny plaintiff permission to amend her complaint, to exclude evidence, and for an extension of the discovery schedule.  Plaintiff responded to that motion with a motion to strike, contending that it represented, at least in part, an untimely response to her motion for leave to amend.

In order to clear up any confusion about which motions were actually pending, and to address other issues in the case concerning the entry of an agreed protective order and the release of plaintiff's medical records, the Court held a status conference on March 16, 2009.  Following that conference, plaintiff filed a notice indicating that she did want to pursue the filing of an amended complaint, and all defendants filed responses on the issues of whether she had made that request in a timely fashion and whether she should be granted leave to amend. Adding one more layer of procedural complexity, plaintiff tendered a different proposed amended complaint with her reply memorandum.  No defendant has weighed in on the issue of whether the proposal to file that amended complaint is as objectionable to them as the former proposal, but the Court will assume, for purposes of this order, that their objections apply equally to the latest version of the proposed amended complaint.

II.

Before turning to the merits of the motion for leave to amend, the Court must consider whether it was timely made.  If not, it would be incumbent upon plaintiff not only to demonstrate that the criteria for filing an amended complaint under Fed.R.Civ.P. 15(a) have been satisfied, but that good cause exists to extend the Court's pretrial scheduling order.  See Fed.R.Civ.P. 16(b).  For the following reasons, the Court

concludes that the deadline for moving for leave to amend was substantially complied with.

As noted above, the motion was originally tendered on time. The order denying it occurred for procedural reasons and was without prejudice to its renewal. Plaintiff tendered at least a plausible reason for the procedural error - that counsel had not been agreeable to extending the deadline for moving for leave to amend, and therefore would have been unlikely to agree to the amendment being proposed. While that would not excuse noncompliance with Local Civil Rule 7.3, it demonstrates that counsel did not wilfully fail to comply with that rule. Further, although the better course of action would have been to renew the motion along with the explanation about not following Rule 7.3, it can fairly be inferred that counsel did intend to pursue the motion. For these reasons, the Court concludes that plaintiff made a substantial effort, and a good faith one, to file her motion in a timely fashion, so the Court will analyze whether Rule 15(a)'s criteria for amendments to pleadings have been satisfied.

III.

Fed.R.Civ.P. 15(a) states that when a party is required to seek leave of court in order to file an amended pleading, "leave shall be freely given when justice so requires." The United States Court of Appeals for the Sixth Circuit has spoken extensively on this standard, relying upon the decisions of the United States Supreme Court in <u>Foman v. Davis</u>, 371 U.S. 178 (1962) and <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 401 U.S. 321 (1971), decisions which give substantial meaning to the "when justice so requires." In <u>Foman</u>, the Court indicated that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted. In <u>Zenith Radio Corp.</u>, the

Court indicated that mere delay, of itself, is not a reason to deny leave to amend, but delay coupled with demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial.

Expanding upon these decisions, the Court of Appeals has noted that:

> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

Phelps v. McClellan, 30 F.3d 658, 662-63 (6th Cir.1994) (citing Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau, 786 F.2d 101, 103 (2d Cir.1986)). See also Moore v. City of Paducah, 790 F.2d 557 (6th Cir.1986); Tefft v. Seward, 689 F.2d 637 (6th Cir. 1982). Stated differently, deciding if any prejudice to the opposing party is "undue" requires the Court to focus on, among other things, whether an amendment at any stage of the litigation would make the case unduly complex and confusing, see Duchon v. Cajon Co., 791 F.2d 43 (6th Cir.1986) (per curiam), and to ask if the defending party would have conducted the defense in a substantially different manner had the amendment been tendered previously. General Electric Co. v. Sargent and Lundy, 916 F.2d 1119, 1130 (6th Cir.1990); see also Davis v. Therm-O-Disc, Inc., 791 F. Supp. 693 (N.D. Ohio 1992).

The Court of Appeals has also identified a number of additional factors which the District Court must take into account in determining whether to grant a motion for leave to file an amended pleading. They include whether there has been a repeated failure to cure deficiencies in the pleading, and whether the amendment itself would be an exercise in futility. Robinson v.

-4-

Michigan Consolidated Gas Co., 918 F.2d 579 (6th Cir.1990); Head v. Jellico Housing Authority, 870 F.2d 1117 (6th Cir.1989). The Court may also consider whether the matters contained in the amended complaint could have been advanced previously so that the disposition of the case would not have been disrupted by a later, untimely amendment. Id. It is with these standards in mind that the instant motion to amend will be decided.

IV.

The original complaint filed in this case pleaded ten causes of action. The first proposed amended complaint would have pleaded seven. The final proposed amended complaint pleads only five. Further, that complaint makes clear that the assault and battery claim is asserted only against defendant Gerald Nixon, who is in default. The basic facts underlying the causes of action in all three complaints are the same, having to do with various things experienced by plaintiff while she was a student at New Albany High School.

Although the defendants view the attempts to amend as expansions, rather than contractions, of the original allegations, the Court does not view them in that way. None of the basic facts have changed. Further, any change in legal theories, such as changes in the specific constitutional rights which plaintiff claims were violated, or the clarification of the conspiracy claim, would not appear to have any impact on either the way the defendants would defend the case or the way in which they would conduct discovery. No defendant has pointed to any discovery which would have to be redone, or to any delay in completing discovery, which might be caused by allowing the amended complaint to be filed. Under these circumstances, the Court concludes that the requirements of Rule 15(a) have been satisfied, and it will grant the motion for leave to amend.

V.

The procedural wrangling over the motion for leave to amend, as well as other issues, have rendered the case schedule obsolete. It is the Court's impression that all of these issues have now been resolved, that a protective order is in place, and that arrangements have been made for the production of plaintiff's medical records. That being the case, the Court will amend the case schedule to dovetail into the dates set by Judge Graham for the final pretrial conference and the trial.

VI.

Based on the foregoing, the Clerk shall detach and file the amended complaint attached to Doc. #47. The pending motion to strike and deny (#34) is terminated. Further, the following new dates are established:

1. Plaintiff shall identify any expert witnesses by August 9, 2009.

2. Defendants shall do the same by September 24, 2009.

3. All discovery will be completed by November 9, 2009.

4. Summary judgment motions must be filed no later than December 9, 2009.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge